UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in compliance with D.N.J. LBR 9004-2(c)

ORTIZ & ORTIZ, LLP
By:  Norma E. Ortiz (NO4748)
127 Livingston Street
Brooklyn, New York 11201
Tel. (718) 522-1117
Fax (718) 596-1302
Email:  .email@ortizandortiz.com
Counsel for the Debtor

In Re:

DORCAS THUKU,
                Debtor

Chapter 13

Case No. 13-17375 (MS)

Judge: Morris Stern

## STIPULATION

WHEREAS, Dorcas Thuku (the "Debtor") filed a Chapter 13 petition with the Court on

April 5, 2013 (the "Petition Date").

WHEREAS, the Debtor owns the real property located at 1028 West Chestnut Street,

Union, New Jersey 07083 (the "Property").

WHEREAS, Bank of America ("First Mortgagee"), a corporation doing business at 4161

Piedmont Parkway, Greensboro, NC  27410, holds, or is the agent of the holder of, a first

mortgage lien and note against the Property.

WHEREAS, Bank of America, N.A., as a servicing agent on behalf of The Bank Of New

York Mellon, f.k.a. The Bank Of New York, as trustee for the certificate holders of the CWHEQ

Revolving Home Equity Loan Trust, Series 2007-C (the "Creditor"), is the agent of the holder of

1

a note and second lien against the Property;

WHEREAS, the Debtor alleges, and Creditor does not dispute, that the value of the Property is less than the amount due to First Mortgagee;

WHEREAS, On July 29, 2013, the Debtor moved to fix the value of the Property and reclassify the Creditor's claim as unsecured;

NOW IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED ATTORNEYS FOR DEBTOR AND CREDITOR AS FOLLOWS:

1. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan.

2. The avoidance of Creditor's second lien is contingent upon the Debtor's completion of the Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge.

3. Creditor shall retain its lien for the full amount due under the subject loan should the Property be sold or should a refinance take place prior to the Chapter 13 Plan completion and entry of a Discharge.

4. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

5. In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time

2

of the sale.

6.  Upon receipt of the Debtor's Chapter 13 discharge and completion of her Chapter 13

Plan, Creditor shall release and re-convey the Deed of Trust within 90 days.

7.  In the event that the Property is destroyed or damaged, pursuant to the mortgage,

Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has

a security interest in such proceeds up to the entire balance due on the mortgage.

8.  Each party shall bear their own attorneys' fees and costs incurred in the present case.

Dated: September 13, 2013
         Brooklyn, New York

Norma E. Ortiz
ORTIZ & ORTIZ, L.L.P.
127 Livingston Street
Brooklyn, New York 11201
Tel. (718) 522-1117
Debtor's Counsel

Scott Sherman, Esquire
MINION & SHERMAN
33 Clinton Road, Suite #200
West Caldwell, NJ 07006
Attorneys for Creditor

3